**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DEBORAH WEST,**

                    **Plaintiff(s),**           **CASE NUMBER: 06-14884
HONORABLE VICTORIA A. ROBERTS**

**v.**

**ROBERT FICANO, Wayne County
Executive, and TERRI LYNN LAND,
Michigan Secretary of State,**

                    **Defendant(s).**
_____/

**ORDER**

This matter is before the Court on multiple motions: 1) Defendant Robert Ficano's Motion for Dismissal Pursuant to FRCP 12(b)(6) and/or Summary Judgment Pursuant to FRCP 56(b); 2) Defendant Terri Lynn Land's Motion to Dismiss Pursuant to FRCP 12(b)(6); 3) Defendant Robert Ficano's Motion to Quash Purported Subpoenas; 4) Defendant Robert Ficano's Motion to Quash Subpoenas; and 5) Defendant Land's Motion to Quash Subpoenas, for Stay of Discovery and for Protective Order. For the reasons stated below, Defendants' respective motions to dismiss and for summary judgment are **GRANTED**, and Defendants' remaining motions are deemed **MOOT**.

Plaintiff Deborah West is a *pro se* litigant. In her original complaint, filed October 27, 2006, Plaintiff alleged that Defendants conspired to place a fictitious Republican candidate (Ramon Joseph Patrick) for Wayne County Executive on the ballot of the August 2006 primary election in Wayne County Michigan. She alleged that Land used

her authority as Secretary of State to create a fraudulent driver's license for Patrick, which Ficano used to have Patrick's name placed on the ballot.  Because of these alleged acts, Plaintiff asserted that she was deprived of a fair election.  And, Plaintiff requested that her name be placed on the ballot for the November 7, 2006 election in Patrick's place.  She cited 42 U.S.C. §1983 and a number of other civil and criminal statutes as the legal basis for her claims.  On November 3, 2006, the Court *sua sponte* denied Plaintiff's request for injunctive relief and, except for the §1983 claim, dismissed all of Plaintiff's claims for failure to state a claim.

On November 7, 2006, Plaintiff filed an "Amended Complaint."  In the Amended Complaint, Plaintiff makes different allegations than those asserted in the original complaint.  The Amended Complaint is not numbered and is pled in a rambling narrative; she does not clearly delineate the claims.  Plaintiff's assertions are directed primarily at Defendant Ficano (and others not named) and most of the allegations are unrelated to the previously alleged voting conspiracy.  Plaintiff appears to assert three claims: 1) that Defendants "created a monopoly by creating Ramon J. Patrick which prevented competition of this plaintiff," in violation of 15 U.S.C. §13; 2) legal discrimination in violation of 28 U.S.C. §1915(a)(1); and 3) violation of 2 U.S.C. 171.  Plaintiff does not refer to 42 U.S.C. §1983.  In her response to Defendant Land's motion, however, Plaintiff asserts that she titled her second complaint in error; it should have read "Additional Complaints."  It apparently was Plaintiff's intention to merge the first and second complaints.  Defendants request dismissal of all of Plaintiff's claims.

Even with a generous reading of Plaintiff's Amended Complaint, the Court is unable to glean allegations which support the alleged violations of 15 U.S.C. §13

2

(precludes monopolies or restraint of trade), 28 U.S.C. §1915(a)(1) (sets forth standard for permitting *in forma pauperis* filings) and 2 U.S.C. §171 (congressional declaration with regard to the Library of Congress). Therefore, Defendants' motions to dismiss these claims are **GRANTED**.

To the extent that it was not Plaintiff's intention to abandon her §1983 claims and the allegations asserted in her original complaint, Defendants' motions to dismiss that claim are also **GRANTED**.

Defendant Land asserts that she is entitled to immunity under the Eleventh Amendment because Plaintiff's allegations are based upon alleged acts taken by Land in her official capacity as the Michigan Secretary of State. Defendant Land is correct. Plaintiff alleges that Land used her authority as the Secretary of State to create a fraudulent driver's license. In light of Plaintiff's allegations and her failure to explicitly indicate otherwise, the Court presumes that Land is being sued in her official capacity. *See U.S. ex rel Diop v Wayne County Community College Dist.,* 242 F.Supp. 2d 497, 517 (E.D. Mich. 2003). To the extent Plaintiff seeks money damages, her claim is barred by the Eleventh Amendment, because state officials sued for monetary damages in their official capacities are not subject to liability under §1983. *Hafer v Melo,* 502 U.S. 21, 23 (1991)(citing *Will v Michigan Dept. of State Police,* 491 U.S. 58 (1989)). And, Plaintiff's request for injunctive relief (that her name be placed on the November 2006 ballot) is moot. Therefore, Defendant Land's motion to dismiss Plaintiff's §1983 claim is **GRANTED**.

Defendant Ficano also requests dismissal or summary judgment on Plaintiff's

§1983 claim, but on different grounds.  "To state a cause of action under §1983,[1] a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law."  *Spadafore v Gardner*, 330 F.3d 849, 852 (6th Cir. 2003)(footnote added).  Defendant Ficano denies any constitutional violation and asserts that he is entitled to qualified immunity in any event.

Where the defense of qualified immunity is raised, the Court must first determine whether a constitutional violation has been established.  *Saucier v Katz*, 533 U.S. 194, 201 (2001).  Citing *Gruenberg v Kavanagh,* 413 F.Supp. 1132 (E.D. Mich. 1972), Defendant Ficano asserts that Plaintiff has not alleged a constitutional violation because there is no constitutional right to run for elective office.  Defendant Ficano, however, misstates Plaintiff's claim.  She does not allege that Ficano deprived her of the right to run for elective office.  She alleges that he fraudulently interfered with the election process by injecting a sham candidate into the primary election.  The Seventh Circuit in *Smith v Cherry*, 489 F.2d 1098 (7th Cir. 1973), held that similar allegations were sufficient to state First and Fourteenth Amendment claims under §1983.   Therefore, the Court finds that Plaintiff adequately alleged a constitutional violation.

Nevertheless, Defendant Ficano is entitled to summary judgment because

---

[1]42 U.S.C. §1983 states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff failed to present evidence in support of the claim.  There is no evidence upon which reasonable jurors could find that Defendant Ficano utilized a fraudulent driver's license to register a fictitious candidate for the state primary election in November 2006. Therefore, Defendant Ficano's motion for summary judgment is **GRANTED**.

In light of the Court's rulings on Defendants' motions to dismiss and for summary judgment, it is unnecessary for the Court to reach Defendants' three remaining motions: 1) Defendant Robert Ficano's Motion to Quash Purported Subpoenas; 2) Defendant Robert Ficano's Motion to Quash Subpoenas; and 3) Defendant Land's Motion to Quash Subpoenas, for Stay of Discovery and for Protective Order.  They are deemed **MOOT**.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 26, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on February 26, 2007.

S/Carol A. Pinegar
Deputy Clerk